[Crim. No. 30545. Second Dist., Div. Two. Dec. 15, 1977.]

THE PEOPLE, Plaintiff and Appellant, v.
BYRON LAMONT MAY, Defendant and Respondent.

544

**COUNSEL**

John K. Van de Kamp, District Attorney, Harry B. Sondheim and Barry R. Levy, Deputy District Attorneys, for Plaintiff and Appellant.

Morris Dalva, Fred Okrand, Mark Rosenbaum, Jill Jakes and Terry Smerling for Defendant and Respondent.

**OPINION**

**FLEMING, J.**—People's appeal from a judgment of dismissal entered after order sustaining defendant's motion to suppress under Penal Code section 1538.5. Prosecution was for possession for sale of marijuana (Health & Saf. Code, § 11359, subd. (a)). The evidence suppressed,

several "baggies" of marijuana, was found in the trunk of defendant's car after an unconsented-to search.

## FACTS

The arresting officer, a deputy sheriff with some six and one-half years experience, testified that he first noticed defendant's vehicle at approximately 10:15 p.m. the evening of 10 July 1976. The vehicle attracted his attention because it had amber lights in the wheel wells, a vehicle code violation. Following the vehicle, the officer observed it stop at a red light beyond the intersection limit line, another vehicle code violation. Additionally, when it stopped, the vehicle bounced four or five times, an indication of a possible bad suspension which would also be a safety violation. The officer therefore stopped the vehicle to check the vehicle's suspension and to issue citations for possible mechanical violations. On approaching the vehicle, the officer observed that the A-arm suspension on the front of the car had been cut, allowing hydraulic tubes to protrude past the frame, and hydraulic tubes or fluid lines were running from the forward shocks towards the rear of the vehicle. The officer had previously checked out some 1,000 vehicles with similar hydraulic systems, and his informal training on the subject and his past experience led him to believe that the suspension system on defendant's vehicle might be dangerous and in violation of the vehicle code in several respects. Specifically, he was aware that such a system involves a complex array of batteries, electrical pump and compressor with fluid lines, and that if such a system is not installed by an expert, it may be very dangerous in that there is oil throughout the system and the possibility of a spark and fire exists. What is more, such a system is usually housed in the trunk, where the needed space exists, and in defendant's vehicle the gas tank was under the trunk, exacerbating the hazard. In order completely to inspect the suspect suspension system, the officer needed to open the trunk. For safety reasons, he asked defendant and his passenger to exit the vehicle. He then forced open the trunk. In the trunk he did indeed find evidence of an oil leak, namely a thin film of oil over the interior. He also found, in plain view, several folded "baggies" of a green leafy substance which his experience told him was probably marijuana.

The sheriff's department policy is not to arrest for traffic violations when more serious offenses are uncovered. The officer therefore arrested defendant only for the possession offense, but detailed the vehicle code infractions in his police report.

*Ruling of the Trial Court*

The trial court indicated that it specifically believed all the officer's testimony and that it had "no doubt that the officer from his testimony is sufficiently qualified as a mechanic to properly observe and appraise dangerous situations." Accordingly we are not concerned with the credibility of the witness here. The trial court ruled that the search of the trunk was not permissible as a matter of law under Vehicle Code section 2806 which provides as follows: "Any regularly employed and salaried police officer or deputy sheriff having reasonable cause to believe that any vehicle or combination of vehicles is not equipped as required by this code or is in such unsafe condition as to endanger any person, may require the driver to stop and submit the vehicle or combination of vehicles to an inspection and such tests as may be appropriate to determine the safety to persons and compliance with the code."

In so ruling, the court indicated that it was relying on cases that define probable cause (or lack thereof) under the criminal law to search the trunk of a vehicle. The phrase "reasonable cause" in section 2806, however, is not necessarily to be equated with the "probable cause" concept under criminal law justifying searches without permission. As noted in *People* v. *Superior Court (English)* (1968) 266 Cal.App.2d 685, 687-689 [72 Cal.Rptr. 261], once an officer has observed the unsafe condition of a vehicle he has authority to make whatever inspection is necessary to protect the public safety by inspecting the affected mechanical devices. (The *English* court was dealing with Veh. Code, § 2804, which is analogous to § 2806 at bench but applies to the highway patrol rather than the sheriff's department.)

Defendant's reliance on cases such as *Wimberly* v. *Superior Court* (1976) 16 Cal.3d 557 [128 Cal.Rptr. 641, 547 P.2d 417], is misplaced. That case established that a vehicle owner has a reasonable expectation of privacy in a vehicle trunk which may not be violated without probable cause to believe that contraband is concealed therein. That case has nothing to do with the reasonableness of a search under Vehicle Code section 2806 to ascertain the mechanical condition of the car. Such a search must of course be reasonable; for example, if the observed defect were a broken tail light reflector a trunk search would not be justified. But in a case like that at bench where the car's mechanical condition is seriously in question and the very defect observed—homemade hydraulic system—almost certainly protrudes into the trunk, it cannot seriously be contended that the officer has no right to look into the trunk. If in the course of such search he observes contraband in plain view, then he is

justified in making an arrest based on such observation. (*People* v. *Roberts* (1956) 47 Cal.2d 374, 379 [303 P.2d 721]; *People* v. *Superior Court (English), supra,* at p. 690.)

Similarly irrelevant is the "casual use" doctrine of such cases as *Wimberly, supra,* and *People* v. *Gregg* (1974) 43 Cal.App.3d 137 [117 Cal.Rptr. 496], that a discovery of small quantities of marijuana in a vehicle does not justify a search of the trunk. Again defendant confuses two entirely different doctrines: the issue of probable cause under the criminal law to invade the suspect's privacy, and the question of the reasonableness of a vehicle inspection for observed defects having nothing to do with drug use.

The judgment of the trial court is reversed and the cause is remanded with directions to deny the motion to suppress.

Roth, P. J., and Compton, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 10, 1978. Bird, C. J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.