[Nos. H002599, H002624. Sixth Dist. June 6, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
RODNEY BUTLER, Defendant and Appellant.

COUNSEL

Frank Offen, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Morris Beatus and Ronald E. Niver, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**AGLIANO, P. J.**—Defendant Rodney Butler entered a plea of guilty to one count of transportation of cocaine (Health & Saf. Code, § 11352) (Appeal No. H002599). In a companion case, Butler entered a plea of guilty to one count of possession for sale of cocaine (Health & Saf. Code, § 11351) (Appeal No. H002624). He was sentenced to three years in state prison on the count of transportation of cocaine and was given a concurrent sentence of three years for the possession for sale of cocaine conviction. As to each three-year sentence imposed, Butler contends that the court failed to give adequate reasons for its sentencing choice. (Cal. Rules of Court, rule 31(d).) Pursuant to Penal Code section 1538.5, subdivision (m), Butler also appeals from the judgment of conviction for transporting cocaine, seeking further review of the validity of the detention and subsequent body search which led to his arrest and conviction.

## APPEAL No. H002599

On February 12, 1986, as part of his typical security check, Seaside Police Officer Kevin Smith drove by the Highway Liquor Store near Del Monte and Playa Streets shortly before 2 a.m. When he arrived he saw a blue and white Cadillac stop adjacent to telephone booths across from the liquor store. Smith circled the block, losing sight of the Cadillac for no more than a minute, and came back to the area through an alley with his lights off; the Cadillac immediately started up and sped past him.

Smith was suspicious because the store was a prime location for a robbery and the car had left the area rapidly without its occupants having made a telephone call or bought liquor.

Smith followed the Cadillac and noticed that its side and rear windows were darkened. He "stopped it to see who was in the vehicle because of the suspicious conduct there, and also to caution them and tell them to remove

the tinting from the interior of the windows." Smith thought that the occupants were "setting up for a robbery or something, and I also didn't like the idea of the tinted windows, and so that was why I stopped the car, because of the tinted windows. It was an obvious Vehicle Code violation." He intended to write them a warning ticket or issue a verbal warning to remove the tinting from the inside of the window. Cournel Harraway was the driver of the car; appellant Butler was his passenger. Smith recognized Butler as having been recently arrested for narcotics and weapons violations.

Smith looked inside the car and saw underneath Butler's legs what he believed to be a partially concealed "dope rolling tray" used to prevent spillage during preparation of marijuana cigarettes. He ordered Butler to leave the car. Butler became aggressive and hostile, demanding to know why he had been stopped, so Smith patsearched him, handcuffed him, and placed him in the rear of the police car.

Smith returned to the Cadillac and removed the tray in which he found some residue. On the carpet nearby he found what looked like loose marijuana. Next, he searched the ashtray and located five butts of marijuana cigarettes and seven or eight cocaine-laced cigarettes. Finally, Smith conducted a more thorough body search of Butler, during which he felt a bulge which he believed was a plastic baggie containing contraband. The object was seized; it contained 48 bindles of cocaine weighing slightly over 16 grams.

■ The enactment of California Constitution, article I, section 28, subdivision (d) (Proposition 8), on June 9, 1982, requires us to apply federal constitutional law to determine whether evidence should be excluded for offenses committed after that date. (*In re Lance W.* (1985) 37 Cal.3d 873, 886-888, 896 [210 Cal.Rptr. 631, 694 P.2d 744].)

Here, the superior court made an express finding that Officer Smith would not have stopped the Cadillac had he been able to see through the windows of the car, that the stop was made because of the tinted windows. ■ "A proceeding under [Penal Code] section 1538.5 to suppress evidence is a full hearing on the issues before the superior court sitting as finder of fact. [Citations.] The power to judge credibility of witnesses, resolve conflicts in testimony, weigh evidence and draw factual inferences, is vested in the trial court. On appeal all presumptions favor proper exercise of that power, and the trial court's findings—whether express or implied—must be upheld if supported by substantial evidence." (*People* v. *Superior Court (Keithley)* (1975) 13 Cal.3d 406, 410 [118 Cal.Rptr. 617, 530 P.2d 585]; see *People* v. *Laiwa* (1983) 34 Cal.3d 711, 718 [195 Cal.Rptr. 503, 669 P.2d

1278].) We initially conclude that there is substantial evidence in the record which supports the court's finding that the stop of the Cadillac was based upon Officer Smith's decision to give either a written or verbal warning to remove the tint from its windows.

We next address the issue whether Officer Smith had reasonable cause to detain the Cadillac on the basis of his observation that the car had tinted windows.

The People concede that tinted windows are not necessarily unlawful and that if the windows of the Cadillac were made of the type of tinted glass meeting the requirements of subdivision (b) of Vehicle Code section 26708.5,[1] there would have been no basis for stopping the automobile. They argue instead that the mere "observation of tinted glass justifies an inquiry about its legality."

We find no facts in this record to suggest that Officer Smith had a reasonable suspicion that the windows in the Cadillac were made of illegally tinted, rather than legally tinted, safety glass. He observed the Cadillac from a distance late at night as he drove by the Highway Liquor Store and again as the car sped past him. In the context of the suspicious conduct that he had observed, Officer Smith simply admitted that he "didn't like the idea of the tinted windows."

Federal constitutional law is controlling. The Fourth Amendment applies to seizures of the person, including, as here, the investigatory stop of a vehicle, and requires that such seizures be "reasonable." (*United States* v. *Cortez* (1981) 449 U.S. 411, 417 [66 L.Ed.2d 621, 628-629, 101 S.Ct. 690]; *United States* v. *Brignoni-Ponce* (1975) 422 U.S. 873, 878 [45 L.Ed.2d 607, 614-615, 95 S.Ct. 2574]; see *Terry* v. *Ohio* (1968) 392 U.S. 1, 16-19 [20 L.Ed.2d 889, 902-905, 88 S.Ct. 1868].) Consistent with the Fourth Amendment, police may briefly stop a moving vehicle to investigate a "reasonable suspicion" that its occupants have been, are, or are about to be engaged in criminal activity. (*United States* v. *Hensley* (1985) 469 U.S. 221, 227-229 [83 L.Ed.2d 604, 611-612, 105 S.Ct. 675]; *United States* v. *Place* (1983) 462 U.S. 696, 702 [77 L.Ed.2d 110, 117-118, 103 S.Ct. 2637]; *United States* v. *Cortez,*

---

[1] Vehicle Code section 26708.5 provides: "(a) No person shall place, install, affix, or apply any transparent material upon the windshield, or side or rear windows, of any motor vehicle if the material alters the color or reduces the light transmittance of the windshield or side or rear windows, except as provided in subdivision (b) or (c) of Section 26708. [¶] (b) Tinted safety glass may be installed in a vehicle if (1) the glass complies with motor vehicle safety standards of the United States Department of Transportation for safety glazing materials, and (2) the glass is installed in a location permitted by those standards for the particular type of glass used."

*supra,* 449 U.S. at p. 417, fn. 2 [66 L.Ed.2d at p. 628]; *Terry* v. *Ohio, supra,* 392 U.S. at pp. 16-19 [20 L.Ed.2d at pp. 902-905].)

■ We disagree with the People's suggestion that seeing someone lawfully driving with tinted glass raises a reasonable suspicion of illegality such that a reasonable inquiry is justified. Without additional articulable facts suggesting that the tinted glass is illegal, the detention rests upon the type of speculation which may not properly support an investigative stop. (See *Brown* v. *Texas* (1979) 443 U.S. 47, 51-52 [61 L.Ed.2d 357, 362-363, 99 S.Ct. 2637]; *United States* v. *Brignoni-Ponce, supra,* 422 U.S. at pp. 884-886 [45 L.Ed.2d at pp. 618-620]; *Terry* v. *Ohio, supra,* 392 U.S. at p. 27 [20 L.Ed.2d at p. 909]; cf. *Reid* v. *Georgia,* (1980) 448 U.S. 438, 440-441 [65 L.Ed.2d 890, 893-894, 100 S.Ct. 2752].)

The Fourth Amendment compels a finding that defendant's detention was improper. The motion to suppress should have been granted. The conviction for transportation of cocaine (Health & Saf. Code, § 11352) is reversed.

### APPEAL NO. H002624

■ As to his possession for sale of cocaine conviction, Butler appeals from the judgment of conviction entered upon his plea of guilty solely on the issue of sentencing (Cal. Rules of Court, rule 31(d)). He contends that the trial court failed to give adequate reasons for sentencing him to the middle term rather than granting probation. We disagree and affirm the judgment.

The trial court is required to set forth its reasons for its sentencing choice. (*People* v. *Salazar* (1980) 108 Cal.App.3d 992, 1000 [167 Cal.Rptr. 38].) Here, the sentencing court did set forth its reasons why this case "cried out for a commitment to state prison." In denying probation, the court listed as its reasons the large amount of drugs involved, Butler's continued involvement in illegal activity after more than one arrest, his exchanging drugs for guns, and the Department of Corrections recommendation of no probation. The court properly exercised its discretion and gave adequate reasons for imposition of the three-year middle term. (See Cal. Rules of Court, rules 414(c)(1), 414(c)(5), 414(d)(1), 421(a)(8), 421(a)(11), and 421(b)(2).)

Butler's suggestion that the court was required to give reasons why the probation officer's recommendation of probation was not followed is meritless. The court stated that it had considered the probation report but disagreed with its recommendation. Penal Code section 1203 states that the court must consider the probation report; however, the court is not bound

by the report. (*People* v. *Warner* (1978) 20 Cal.3d 678, 683 [143 Cal.Rptr. 885, 574 P.2d 1237]; *People* v. *Delson* (1984) 161 Cal.App.3d 56, 63 [207 Cal.Rptr. 244].)

Butler's contention that the court improperly used elements of the crime itself as reasons for sentencing is also without merit.

As the court stated, "Guns and drugs don't mix . . . the quantity that was involved, nature and way the offenses took place and the recommendations of Vacaville have to be followed." Guns are not elements of the crime of possession for sale of cocaine.

Butler argues that the "factual background" for the guns was weak. He was arrested while in the act of trading four bindles of cocaine for rifles. The court properly took into account the fact that guns were being bargained for, and the fact that the crimes involved a large quantity of contraband. The court did not rely upon the elements of the crime to impose the sentence.

The judgment in Appeal No. H002624 is affirmed.

The judgment in Appeal No. H002599 is reversed.

Brauer, J., and Capaccioli, J., concurred.