[No. H007264. Sixth Dist. Sept. 18, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
EZEQUIEL RAMOS LLAMAS, Defendant and Appellant.

COUNSEL

David S. Schwartz, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman and Christopher W. Grove, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**AGLIANO, P. J.—**

*Introduction*

After the denial of his motion to suppress evidence under Penal Code section 1538.5, defendant pled guilty to possession of cocaine (Health & Saf. Code, § 11350, subd. (a)) and to being under the influence of cocaine (Health & Saf. Code, § 11550). The court ordered three years of formal probation.

Defendant appeals, claiming that the entry and search of defendant's motel room was based on a co-occupant's involuntary consent. For the reasons stated below, we will affirm the trial court's ruling.

*Statement of the Facts*

The motion to suppress evidence was submitted on the preliminary hearing transcript and additional evidence introduced at the hearing in superior court.

On March 4, 1990, Police Officer Hector Gutierrez stopped a vehicle driven by Eric Torregroza (Torregroza) within seconds after Torregroza left a motel parking lot. Torregroza informed the officer that he and his girlfriend, a passenger in the car, had "checked out" a room at the motel and were on their way to "buy beer." The vehicle registration confirmed Torregroza's ownership of the vehicle. His driver's license, however, was suspended. When the officer saw that Torregroza was under the influence of alcohol and stimulants, he arrested him, handcuffed him, and placed him in the patrol car. Torregroza agreed that the officer could move his car to a nearby parking lot to remove it from the street. By this time Torregroza's girlfriend had left the scene.

Officer Gutierrez found a motel key in the front seat of the car. The officer returned to his patrol car with the motel key and asked Torregroza for permission to check the room for contraband. Torregroza replied, "Go ahead." The officer then drove to the motel, with Torregroza in the back seat of the vehicle. Using the key, the officer entered the motel room where he unexpectedly encountered defendant sitting on the bed with a companion. The officer discovered narcotic paraphernalia and narcotics in plain view on a counter in the room. The officer observed that defendant and his companion were under the influence of stimulants and arrested them. Defendant stated he had just met Torregroza that night.

Defendant, his companion, and Torregroza were charged with possesion of cocaine (Health & Saf. Code, § 11350, subd. (a)), being under the influence of cocaine (Health & Saf. Code, § 11550), and possession of paraphernalia used to smoke cocaine (Health & Saf. Code, § 11364). The charges against Torregroza were dismissed after the prosecution conceded Torregroza's motion to suppress evidence under Penal Code section 1538.5 on the ground that the stop of Torregroza's vehicle had been illegal.[1]

Defendant then filed a motion to suppress "all observations by officers, statements by defendant and others" and the cocaine and drug paraphernalia found in the motel room. The trial court denied the motion, stating: "[t]his defendant, Mr. Llamas, cannot, the court believes, . . . use the illegalities as it applied to Mr. Torregroza only to apply it to himself under the vicarious exclusionary rule, because that no longer exists in this state and they did get consent." "As to Mr. Llamas, the motion to suppress is denied."

### Discussion

#### A. *Scope of Review*

■ "[I]n ruling on a motion under [Penal Code] section 1538.5 the superior court sits as a finder of fact with the power to judge credibility, resolve conflicts, weigh evidence, and draw inferences, and hence . . . on review of its ruling by appeal or writ all presumptions are drawn in favor of the factual determinations of the superior court and the appellate court must uphold the superior court's express or implied findings if they are supported by substantial evidence. [Citation.]" (*People* v. *Laiwa* (1983) 34 Cal.3d 711, 718 [195 Cal.Rptr. 503, 669 P.2d 1278].) The reviewing court then must measure the facts, as found by the trier, against the constitutional standard of reasonableness. (*People* v. *Leyba* (1981) 29 Cal.3d 591, 597 [174 Cal.Rptr. 867, 629 P.2d 961].) In discharging that duty, this court exercises its independent judgment. (*Id.* at pp. 596-597.)

#### B. *Defendant's Standing*

As noted above, the trial court first determined that defendant had no standing to challenge the stop and arrest of Torregroza. ■ Fourth Amendment rights are personal rights which may not be vicariously asserted. (*Rakas* v. *Illinois* (1978) 439 U.S. 128, 133-134 [58 L.Ed.2d 387, 394-395,

---

[1]It is undisputed on appeal that Torregroza's detention and arrest were unlawful. (See *People* v. *Butler* (1988) 202 Cal.App.3d 602, 606 [248 Cal.Rptr. 887] [traffic stop based on tinted windows improper].)

99 S.Ct. 421].) Accordingly, the proponent of a motion to suppress has the burden of showing his own Fourth Amendment rights were violated by the contested search or seizure. (*Rawlings* v. *Kentucky* (1980) 448 U.S. 98, 104 [65 L.Ed.2d 633, 641, 100 S.Ct. 2556].) The right to claim the protection of the Fourth Amendment depends upon whether the defendant has a legitimate expectation of privacy in the area searched. (*United States* v. *Salvucci* (1980) 448 U.S. 83, 93 [65 L.Ed.2d 619, 629, 100 S.Ct. 2547].)

Defendant concedes he cannot contest the warrantless search of the motel room on the basis of Torregroza's illegal detention and arrest. As to that issue defendant has no standing. (See *United States* v. *Chase* (9th Cir. 1982) 692 F.2d 69 [no standing to challenge warrantless search of defendant's house based on evidence discovered during illegal detention of third party].)

■ Defendant does contend, however, that the issue of the illegality of the detention is relevant to a determination of whether Torregroza voluntarily consented to a search of the motel room. Defendant points out, relying on *People* v. *Bailey* (1985) 176 Cal.App.3d 402, 405 [222 Cal.Rptr. 235], that a consent induced by an illegal assertion of authority "is not voluntary and is unlawful." Here, defendant argues, Torregroza's consent "was necessarily given because of the illegal detention," and was therefore invalid.

Although defendant denies he is seeking to suppress the evidence as a fruit of the illegal detention, his arguments in effect represent that very position. Defendant urges a holding that an illegal detention "creates a presumption of involuntariness," which can be overcome only by an intervening circumstance, such as the reading of *Miranda* rights, that render the ensuing consent an act of free will. Here, defendant argues, the illegal detention "induced" the consent; no intervening event offset the coercive circumstances of being arrested, handcuffed, deprived of control of his car, and placed in the back of a police vehicle.

To the extent that defendant's argument presents an issue of whether the consent was tainted by an illegal detention, we decline to address it because, as noted above, defendant lacks standing to raise the issue. If, on the other hand, we construe the argument solely as a challenge to the coerciveness of the circumstances, including the fact of being detained, we may consider it on its merits. (Cf. *People* v. *Hernandez* (1988) 199 Cal.App.3d 1182, 1187 [245 Cal.Rptr. 513] [codefendant's consent to search house found voluntary].)

■ Defendant correctly observes that the prosecution bears the burden of establishing that the consent upon which a search is based was voluntarily

given and was unaffected by duress or coercion. (*Bumper* v. *North Carolina* (1968) 391 U.S. 543, 548-549 [20 L.Ed.2d 797, 802-803, 88 S.Ct. 1788]; *People* v. *James* (1977) 19 Cal.3d 99, 106 [137 Cal.Rptr. 447, 561 P.2d 1135].) Nonetheless, "the voluntariness of the consent is in every case 'a question of fact to be determined in the light of all the circumstances.' [Citations.]" (*People* v. *James, supra,* 19 Cal.3d at p. 106; *Schneckloth* v. *Bustamonte* (1973) 412 U.S. 218, 227 [36 L.Ed.2d 854, 862-863, 93 S.Ct. 2041].) Accordingly, the trial court's findings on this issue, either express or implied, must be upheld on appeal if they are supported by substantial evidence. ██ All presumptions favor the proper exercise of the trial court's power to judge the credibility of witnesses, resolve conflicts, weigh evidence, and draw factual inferences. (*People* v. *James, supra,* 19 Cal.3d at p. 107; *People* v. *Hernandez, supra,* 199 Cal.App.3d at p. 1187.)[2]

 Defendant cites as circumstances of coercion the facts that Torregroza was illegally detained; that Torregroza was arrested, handcuffed, and placed in the back of a patrol car; that the arresting officer had assumed control of Torregroza's car; that other units were present at the scene; and that *Miranda* rights had not yet been administered. These facts do not, however, rise to the level of coercion. The illegality of the detention is immaterial in this context, since Torregroza was unaware that the officer had no valid ground for stopping the car; it is only the fact of the detention, not its invalidity, that is relevant. Case law has established, however, that a person's in-custody status, even when he is handcuffed, does not automatically vitiate his consent; this is " 'but one of the factors, but not the only one, to be considered by the trial judge who sees and hears the witnesses and is best able to pass upon the matter.' " (*People* v. *James, supra,* 19 Cal.3d at p. 110, quoting *People* v. *Valdez* (1961) 188 Cal.App.2d 750, 756 [10 Cal.Rptr. 664].) Further, the failure to give *Miranda* warnings prior to obtaining consent does not render the consent involuntary, since the purpose of the search is to obtain physical evidence, not testimonial evidence. (19 Cal.3d at pp. 114-115.)

 We can find no other facts here which suggest that Torregroza's consent was based on coercion. Officer Gutierrez testified that he moved Torregroza's car off the street to a nearby parking lot with Torregroza's permission. Upon finding the motel room key in the front seat he asked

---

[2]Defendant attempts to argue that the substantial evidence standard of review is inappropriate here because the trial court made no findings regarding the voluntariness of Torregroza's consent. We disagree. In reaching its decision the trial court reasoned that the police "did get consent." This conclusion may be inferred to include a finding that such consent was validly obtained—that is, free of coercion. Because defendant failed to raise any challenge to the consent on the ground of involuntariness at the suppression hearing, the trial court was not presented with any indication that this was an exceptional factor in considering the validity of the consent.

Torregroza "if it was okay if [he] took a look in the room;" Torregroza simply responded, "Go ahead." There is no evidence that Torregroza was threatened or tricked into acceding to the officer's request, or any other indication that Torregroza was led to believe he could not withhold his consent. In short, we can only conclude that substantial evidence supports the trial court's implied finding that Torregroza's consent was an independent act of his free will.

The judgment is affirmed.

Capaccioli, J., and Bamattre-Manoukian, J., concurred.