Opinion
O’NEILL, P. J.
We consider the validity of an automobile stop based solely on an officer’s belief that the vehicle’s windows were illegally tinted in violation of Vehicle Code section 26708, subdivision (a).[1]

The Case.

Appellant stands charged with driving under the influence of alcohol based on an investigation that began with the automobile stop at issue in this *Supp. 8 case. After his Penal Code section 1538.5 motion was denied, trial proceedings were stayed and be brought this pretrial appeal pursuant to section 1538.5, subdivision (j).

The Undisputed Facts.

California Highway Patrol Officer Meza, a three-year veteran who had stopped vehicles on suspicion of illegally tinted windows approximately four hundred times, was in his vehicle on duty on an October night. As he prepared to make a right turn at the intersection of Thousand Oaks and Westlake Boulevards, appellant passed through the intersection from the officer’s left to his right, at 10-15 miles per hour. The intersection was lighted and near a shopping center. Appellant’s vehicle was a black Mustang, and the officer noted that the right front window was “so black that it kind of matched the color of the car.” He also testified that he was unable to see the occupants of the vehicle.
The officer followed the Mustang, pulling it over as it entered the nearby Ventura Freeway. The tinted window was the only basis for the stop, which became a driving under the influence investigation almost immediately when the officer noted an odor of alcohol and appellant admitted drinking. Appellant’s motion to suppress addressed all observations of the officer after the initial stop, as well as the results of a breath test which revealed that appellant’s blood-alcohol level was over twice the legal limit.

Discussion.

Appellant relied on the holding in People v. Butler (1988) 202 Cal.App.3d 602, 607 [248 Cal.Rptr. 887]: “We disagree with the People’s suggestion that seeing someone lawfully driving with tinted glass raises a reasonable suspicion of illegality such that a reasonable inquiry is justified. Without additional articulable facts suggesting that the tinted glass is illegal, the detention rests upon the type of speculation which may not properly support an investigative stop.” In Butler, an officer who wished to check out the occupants of a suspicious vehicle near a liquor store at 2 a.m. based his detention on the observation that the side and rear windows of the vehicle were “darkened” to the point of being “ ‘an obvious vehicle Code violation.’ ” (202 Cal.App.3d at p. 605.) The Court of Appeal found this record insufficient to support a reasonable suspicion that the tinting was illegal, noting that the officer had observed the vehicle from a distance late at night as he drove by and, again, as it “sped past him.” (Id. at p. 606.)
The People rely on People v. Niebauer (1989) 214 Cal.App.3d 1278 [263 Cal.Rptr. 287], where the issue was the sufficiency of the evidence to *Supp. 9 support a conviction for a violation of Vehicle Code section 26708, subdivision (a). The Court of Appeal held that believable testimony based on an officer’s general training and experience can be sufficient: “If an officer forms an opinion in a commonsense examination of a vehicle that there is a film placed upon the vehicle’s windows in an unauthorized place or that light is obstructed in the fashion contemplated by the statute, such evidence will be sufficient to support a conviction under section 26708, [subdivision] (a) if the trial court believes the officer; no further evidence or scientific testimony need be presented.” (214 Cal.App.3d at p. 1292.) The court then upheld Niebauer’s conviction based on an officer’s testimony that aftermarket tinting unlawfully obstructed vision, where that officer had no training or expertise regarding light transmittance, but did have experience with detaining other drivers with the same type of tinting after observing their difficulty seeing through their windows at night. (Id. at pp. 1292-1293.)
The traffic stop in the Niebauer case was apparently based solely on the officer’s observation of the tinted windows and his suspicion that the tinting was unlawful. No Fourth Amendment issue was raised, but the Court of Appeal noted in a footnote that People v. Butler, supra, 202 Cal.App.3d 602, would have been distinguishable because the officer “testified to additional facts giving him reasonable suspicion Niebauer was driving with illegally tinted windows other than merely the bare statement Niebauer’s truck had tinted windows.” (People v. Niebauer, supra, 214 Cal.App.3d at p. 1293, fn. 10.)
This Niebauer dictum is consistent with logic and settled Fourth Amendment case law, which gives considerable weight to officer experience and permits detention based on articulable suspicious facts even though not necessarily inconsistent with innocent activity. (See U.S. v. Cortez (1981) 449 U.S. 411, 418 [101 S.Ct. 690, 695, 66 L.Ed.2d 621], In re Tony C. (1978) 21 Cal.3d 888, 893-894 [148 Cal.Rptr. 366, 582 P.2d 957].) Officer experience is of particular significance in the enforcement of areas of the law which are frequently encountered, such as vehicle theft and equipment violations. (See e.g., People v. Jones (1980) 103 Cal.App.3d 885, 888-890 [163 Cal.Rptr. 251] [expertise suggests reasonable possibility car stolen]; People v. May (1977) 76 Cal.App.3d 543, 545-547 [143 Cal.Rptr. 45] [officer’s informal training and past experience checking out some 1,000 custom hydraulic suspension systems justified inspection of interior of trunk].) Indeed the duty and power of peace officers to detain and inspect vehicles for suspected equipment and safety violations have been codified in Vehicle Code sections 2804 and 2806.
The Butler opinion is not inconsistent with the above. In Butler the Court of Appeal held only that a detention for tinted windows is unlawful “[without additional articulable facts suggesting that the tinted glass is illegal.” *Supp. 10 (People v. Butler, supra, 202 Cal.App.3d at p. 607.) We conclude that where such additional facts are present, a vehicle stop to investigate the legality of tinted windows is lawful.
The facts supporting the detention in the present case are similar to those found sufficient to convict in People v. Niebauer, supra, 214 Cal.App.3d 1278. “It would be ironical if evidence . . . were admissible on the question of guilt . . . but could not be taken into consideration on the issue of probable cause to detain.” (People v. Jones, supra, 103 Cal.App.3d at p. 890, fn. 1.) Unlike in People v. Butler, supra, 202 Cal.App.3d 602, there was no evidence that the stop in the present case was a pretext. Officer Meza had substantial experience in enforcing this particular statute. Since it was nighttime, illegal tinting was a greater safety concern. Appellant’s vehicle passed relatively slowly and directly in front of the officer at a lighted intersection. The tinting was so dark as to appear black and prevent the officer from seeing the occupants of the front seats. On this undisputed record, we find the detention reasonable.

Disposition.

We affirm the denial of the motion to suppress and remand for trial or disposition.
Peck, J., and Jones, J., concurred.

Vehicle Code section 26708, subdivision (a) provides, in part, that with certain exceptions: “(1) No person shall drive any motor vehicle with any object or material placed, displayed, installed, affixed, or applied upon the windshield or side or rear windows. FID (2) No person shall drive any motor vehicle with any object or material placed, displayed, installed, affixed, or applied in or upon the vehicle which obstructs or reduces the driver’s clear view through the windshield or side windows. . . .”