Filed 12/20/13  P. v. Shields CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E058511 |
| v. | (Super.Ct.No. INF1202415) |
| JONATHON EARL SHIELDS, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Anthony R. Villalobos, Judge.  Reversed.

Paul E. Zellerbach, District Attorney, and Matt Reilly, Deputy District Attorney, for Plaintiff and Appellant.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Respondent.

1

The People appeal from an order dismissing this case (Pen. Code,[1] § 1238, subd. (a)(7)) after the trial court granted defendant Jonathon Shields' motion to suppress evidence (§ 1538.5, subd. (f)(1)). The People argue the trial court should have denied the motion because the arresting officer had reasonable suspicion that defendant violated the Palm Springs Municipal Code by riding his bicycle on the sidewalk, and the officer was legally entitled to conduct an investigatory detention. We agree and reverse.

### STATEMENT OF FACTS AND PROCEDURE

An officer of the Palm Springs Police Department testified that, at about 9:10 p.m. on the evening in question, he and his partner were on routine patrol in a marked police vehicle. The officer saw about half a dozen people gathered on a sidewalk outside a Circle K convenience store near posted signs which read "no loitering and no consumption of alcohol." When the officer got out of the police vehicle the group quickly dispersed.

Defendant, who was standing with the group, "jumped on a bicycle and [began] to ride away" on the sidewalk. The officer testified that riding a bicycle on the sidewalk is a violation of the Palm Springs Municipal Code, so he tried to detain defendant, calling out, "'Police. Stop.'" In response, defendant got off of and dropped the bicycle and ran away toward a residential complex.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

2

The officer and his partner chased defendant for about 100 yards to a chain link fence, during which the officer again called out, "'Police.'" Defendant jumped the fence but lost his balance when he reached the other side, which gave the officer a chance to catch up to and tackle defendant. The officer again told defendant he was a police officer, but defendant "tried to get away" and resisted the officers' attempts to turn him onto his stomach and handcuff him from behind. After the officers were able to subdue and handcuff defendant, they searched defendant for contraband, which they believe they found.

On cross-examination, defense counsel asked about the bicycle ordinance. "[Y]ou spoke about . . . the Palm Springs municipal code, do you recall the municipal code that relates to riding a bicycle on the sidewalk that allows you to maybe ride a bicycle across a sidewalk under any circumstances?" The officer answered, erroneously, "In areas that it is designated, you cannot ride on the sidewalk. You cannot ride on the sidewalk." Counsel then asked, "How is it designated?" The officer responded, "Signs posted." The officer did not know if there were signs posted near the Circle K. When counsel asked, "To your knowledge, there is no sign there, correct?," the officer responded, " I can't say yes or no."

Defense counsel argued the officer here decided to detain defendant based solely on his belief that the general prohibition on sidewalk bicycle riding applied without knowing for sure whether the exception applied. " . . . [T]he officer said he . . . didn't know if any such signs [which] permitted riding a bicycle on the sidewalk existed at that

3

spot. So he pulled the citizen over and detained [him] not knowing if the cause he detained him for truly existed or not." In the absence of "solid evidence that riding a bicycle was precluded at that spot," and in the absence of any attempt by the officer to ascertain whether there were any posted signs, counsel argued the officer lacked reasonable suspicion.

The prosecution argued that the officer had no "duty to investigate" the presence or absence of signs indicating the exception applied to that area before attempting to detain defendant. "Had the officer taken the time to look around to make sure that there were no signs," defendant would have gotten away. "He can't check to make sure signs weren't posted which is the exception to the general rule and still have [defendant] there because he's on his way down the road on the sidewalk."

The trial court concluded defendant's detention was not based on reasonable suspicion of criminal activity and granted the motion to suppress. The officer, according to the trial court, concluded defendant violated the municipal code based on speculation and "'without knowing whether or not the conduct was in fact lawful.'"

## DISCUSSION

"'In ruling on a motion to suppress, the trial court must find the historical facts, select the rule of law, and apply it to the facts in order to determine whether the law as applied has been violated. We review the court's resolution of the factual inquiry under the deferential substantial-evidence standard. The ruling on whether the applicable law

4

applies to the facts is a mixed question of law and fact that is subject to independent review.' [Citation.]" (*People v. Letner and Tobin* (2010) 50 Cal.4th 99, 145.)

An investigative detention is reasonable under the Fourth Amendment when supported by reasonable suspicion. (*In re Raymond C.* (2008) 45 Cal.4th 303, 307.) "Reasonable suspicion that criminal conduct has occurred does not require that an officer observe all elements of criminal conduct; rather, it requires that officer to be able to 'point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity.' [Citation.]" (*Brierton v. Department of Motor Vehicles* (2005) 130 Cal.App.4th 499, 509.) "The possibility of an innocent explanation does not deprive the officer of the capacity to entertain a reasonable suspicion of criminal conduct. Indeed, the principal function of [the officer's] investigation is to resolve that very ambiguity and establish whether the activity is in fact legal or illegal . . . ." (*In re Tony C.* (1978) 21 Cal.3d 888, 894.)

Here, the officer testified that he tried to detain and cite defendant for violating Palm Springs Municipal Code section 12.90.010, subdivision (a), which provides: "Unless otherwise expressly allowed by another provision of this title or other applicable law, no person shall ride a bicycle or unicycle within or on any sidewalk area or parkway except at a permanent or temporary driveway. Bicycles and unicycles may be ridden along portions or segments of sidewalks expressly permitted by resolution of the city council, but not until such sidewalk areas have been appropriately designated by the city

5

engineer with signs or markings to give due notice to the pedestrian and the cycling public."

The officer testified that he saw defendant start to ride away on the sidewalk. He could not recall one way or the other whether there were signs posted designating that portion of sidewalk for permissive bicycle riding. We assume, without deciding, that evidence of guilt for a violation of Palm Springs Municipal Code section 12.90.010, subdivision (a), must include some proof that the sidewalk on which a defendant rode his or her bicycle was not designated for permissive bicycle riding, i.e., that the exception to the general rule did not apply. But for purposes of the Fourth Amendment an officer need not have observed facts necessary to prove each element of a crime—let alone observe facts disproving application of an exception to the crime—in order to reasonably detain a suspect and investigate a possible crime.

The officer's observation of defendant riding his bicycle on the sidewalk provides some objective basis for believing defendant was violating the general prohibition, and the mere possibility that defendant was lawfully riding his bicycle does not alter that result. The officer could legally stop defendant and determine if, in fact, defendant violated the municipal code. We agree with the People that the officer was not required to investigate the possibility of signs designating the sidewalk for lawful bicycle riding before stopping defendant. Defendant was already riding away and would likely be out of reach by the time the officer investigated the presence or absence of signs.

We conclude the trial court should have denied defendant's suppression motion because the arresting officer had reasonable suspicion that defendant violated the Palm Springs Municipal Code by riding his bicycle on the sidewalk, and the officer was legally entitled to conduct an investigatory detention.

We do not find persuasive defendant's analogy of his case to *People v. Butler* (1988) 202 Cal.App.3d 602 (*Butler*). There, the Court of Appeal reversed denial of a motion to suppress because the officer stopped an automobile without reasonable suspicion that the driver's windows were illegally tinted and not made of legal safety glass. (*Id*. at pp. 606-607.) Subsequent cases have held that a stop is reasonable if the officer testifies that he could not see inside the vehicle through the window tinting, from which a trier of fact may reasonably infer that the driver may not safely see out the tinted windows. (*People v. Roberts* (2010) 184 Cal.App.4th 1149, 1190-1191; *People v. Hanes* (1997) 60 Cal.App.4th Supp. 6, 10; cf. *People v. Niebauer* (1989) 214 Cal.App.3d 1278, 1292-1293 & fn. 10.)

As limited by subsequent cases, *Butler* does not assist defendant. That a driver's tinted windows might be made of legal safety glass does not mean an officer lacks reasonable suspicion to perform a traffic stop if he or she cannot see inside the vehicle through the window tinting, which implies the tinting is unsafe. So too here. The officer saw defendant ride his bicycle on the sidewalk, which under the plain language of the municipal code is generally prohibited. The officer did not need to first determine

whether the area in question fell under the exception, and risk the cyclist simply riding away and out of reach, before stopping him.

Because we conclude the officer had reasonable suspicion to perform a stop, we reverse the suppression order and the dismissal.[2]

**DISPOSITION**

The judgment is reversed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

HOLLENHORST

J.

CODRINGTON

J.

---

[2] In light of our holding, we need not address the People's alternative argument that the officer had reasonable suspicion to stop defendant for violating Palm Springs Municipal Code section 11.44.080, subdivision (a), which generally prohibits loitering in public.