Filed 10/21/15  P. v. Dorado CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CAMILO HERNANDEZ DORADO,<br><br>    Defendant and Appellant. | 2d Crim. No. B256428<br>(Super. Ct. No. 2013013565)<br>(Ventura County) |

Appellant Camilo Hernandez Dorado was charged with possession of methamphetamine.  (Health & Saf. Code, § 11377, subd. (a).)  The trial court denied his *Pitchess*[1] motion after examining the arresting officer's personnel records in chambers and denied his motion to suppress evidence.  (Pen. Code, § 1538.5.)  Appellant pled guilty.  The trial court suspended imposition of sentence and placed him on formal probation with conditions including that he participate in a drug treatment program.  (*Id.*, § 1210.1)

Appellant contends that he did not voluntarily consent to have the arresting officer remove from his pocket the cigarette package containing the methamphetamine and that the Fourth Amendment required the suppression of this evidence.  In addition, he

---

[1] (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531.)

asks us to review the denial of his *Pitchess* motion by examining the in camera hearing transcript. We affirm.

## FACTS

Officer Eric Jackson saw appellant riding his bicycle westbound on the sidewalk south of East Thompson Boulevard. At a red light, appellant turned north onto McMillan across both lanes of traffic in violation of Vehicle Code section 21453. Officer Jackson stopped him. Appellant was coming from an area of high narcotics activity and appeared to be under the influence of a controlled substance. Officer Jackson was concerned that he might be concealing a weapon in his baggy clothing. He asked appellant if he had any weapons. Appellant said, "No."

Appellant agreed to let Officer Jackson search him for weapons. Officer Jackson told him to turn around and place his hands behind his head. He used his right hand to frisk appellant, placing his left hand lightly on top of appellant's hands. He felt a large mass in the pocket of appellant's pants. He asked appellant what it was. Appellant said he did not know. Officer Jackson asked for and received appellant's consent to remove the object.[2] The object turned out to be a package of cigarettes. A small baggie of methamphetamine was lodged in plain view between the cardboard box and the clear cellophane wrapper. Officer Jackson arrested appellant.

## DISCUSSION

### *Suppression Motion*

"In reviewing the trial court's suppression ruling, we defer to its factual findings if supported by substantial evidence. We independently assess the legal question of whether the challenged search or seizure satisfies the Fourth Amendment. [Citation.]" (*People v. Brown* (2015) 61 Cal.4th 968, 975.)

---

[2] Appellant testified that Officer Jackson did not ask for his consent to search for weapons but rather grabbed his hand, twisted it behind his back, and removed things from his pockets without asking permission. We accept the trial court's resolution of this factual conflict because it is supported by substantial evidence and disregard appellant's contrary testimony. (*People v. Boulter* (2011) 199 Cal.App.4th 761, 767.)

2

Appellant was stopped in a high narcotics area, acting like he was under the influence of drugs and wearing baggy clothing. Under these circumstances, Officer Jackson had reasonable suspicion to search him for weapons. (See *People v. Collier* (2008) 166 Cal.App.4th 1374, 1377-1378 & fn. 1.) Moreover, appellant consented to Officer Jackson's searching him for weapons and consented to the officer removing the cigarette package from his pocket. The fact that he was in custody at the time did not vitiate his consent. (*United States v. Watson* (1976) 423 U.S. 411, 424; *People v. Llamas* (1991) 235 Cal.App.3d 441, 447.)

*Pitchess Motion*

When the trial court conducts an in camera review of potentially discoverable information from an officer's personnel files, it must "make a record of what documents it examined before ruling on the *Pitchess* motion." (*People v. Mooc* (2001) 26 Cal.4th 1216, 1229.) The ruling will be upheld absent an abuse of discretion. (*Id.* at p. 1228.) We have independently reviewed the sealed reporter's transcript of the in camera hearing. The record is sufficient to permit appellate review, and we conclude the trial court properly exercised its discretion in denying discovery.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

3

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

John Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, William H. Shin and Tannaz Kouhpainezhad, Deputy Attorneys General, for Plaintiff and Respondent.