Filed 5/2/16  In re K.R. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re K.R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>K.R.,<br><br>    Defendant and Appellant. | G051085<br><br>(Super. Ct. No. DL049706)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Deborah C. Servino, Judge.  Affirmed.

Sarita Ordonez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Kimberley A. Donohue and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

Minor K.R. admitted misdemeanor possession of concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)).  She contends the juvenile court erroneously denied her motion to suppress evidence (Welf. & Inst. Code, § 700.1).  We disagree and affirm the challenged order.

## FACTS

Fountain Valley Police Officer Brian Casteel stopped a yellow Toyota Scion on suspicion of illegally tinted windows.  Following the stop, Casteel searched the car with the driver's consent and found methamphetamine, concentrated cannabis, and heroin in the glove compartment.  Minor was the front seat passenger.

In minor's pretrial motion to suppress, she argued the drugs were discovered as a result of a warrantless search and during an unlawful detention.  The district attorney asserted the traffic stop was justified by Casteel's reasonable suspicion the Scion's tinted windows violated the Vehicle Code.

At the hearing, Casteel testified he had been a patrol officer for three years and 10 months, and he had personally conducted over 100 traffic stops involving illegally tinted windows.  In the early morning hours of March 14, 2014, Casteel saw the Scion turn left in front of him.  He was about 200 feet away from the car as it drove through a well-lighted intersection.  Casteel realized that he could not "see inside the vehicle based on the tint."  Based on his experience and observations, Casteel believed the Scion's window tinting violated Vehicle Code section 26708.

Casteel activated his overhead lights and the Scion yielded.  As Casteel walked toward the driver's door, he smelled the odor of burned marijuana emanating from the passenger compartment.  Casteel recognized the driver, J.M., from a prior drug arrest.  Casteel also noticed that J.M.'s pupils were dilated, and he was fidgeting and smacking his lips.  Based on these facts, Casteel suspected J.M. was driving while under the influence of a drug.  Casteel ordered J.M. and the car's other occupants, including minor, to disembark.

2

After J.M. performed field sobriety tests, Casteel asked for, and received, J.M.'s consent to search the car. On the passenger floor board, Casteel found a pipe that smelled of burned marijuana. In the glove compartment, he found two cigarette cartons. One carton contained concentrated cannabis, while the other held methamphetamine and heroin.

Minor did not testify, but she called the service manager from a large Toyota dealership to testify that many cars have darkened windows due to standard factory glaze that is legally applied by car manufacturers. A defense investigator testified the Scion had factory glazing and not illegal custom tinting. However, the investigator conceded the best way to determine if a car's tinted windows violate the Vehicle Code is to make a traffic stop and look.

The court denied the motion to suppress and explained:

"In this instance Officer Casteel had a reasonable suspicion that this was a window tinting violation. He could not see into the car. And the court does find his testimony to be credible regarding that aspect. The fact that he has maybe a mistaken understanding of the law that any type of tinting, not necessarily even glazing, would be a Vehicle Code violation, is not really at issue here.

"Really what it is is, even if he had a mistaken factual belief that this car had illegal tinting because he couldn't see through it, but it actually was factory glazing that was acceptable with Vehicle Code section 26708, that mistaken factual belief held reasonably and in good faith can still provide a responsible suspicion for a traffic stop, which is what the courts have held."

## DISCUSSION

Minor makes two related arguments. First, she argues Casteel did not have a reasonable suspicion the window tinting on J.M.'s car violated the Vehicle Code. Second, she asserts Casteel merely used window tinting as a pretext to illegally detain J.M. We disagree with both points.

3

"In reviewing the denial of a motion to suppress evidence, we view the record in the light most favorable to the trial court's ruling and defer to its findings of historical fact, whether express or implied, if they are supported by substantial evidence. We then decide for ourselves what legal principles are relevant, independently apply them to the historical facts, and determine as a matter of law whether there has been an unreasonable search and/or seizure. [Citation.]" (*People v. Miranda* (1993) 17 Cal.App.4th 917, 922 (*Miranda*).)

A police officer may "legally stop a motorist *only* if the facts and circumstances known to the officer support at least a reasonable suspicion that the driver has violated the Vehicle Code or some other law. [Citations.]" (*Miranda, supra*, 17 Cal.App.4th at p. 926.) Vehicle Code section 26708, subdivision (a) states, in pertinent part, " (2) A person shall not drive any motor vehicle with any object or material placed, displayed, installed, affixed, or applied in or upon the vehicle that obstructs or reduces the driver's clear view through the windshield or side windows." An officer's opinion based on his or her "commonsense examination of a vehicle that there is a film placed upon the vehicle's windows in an unauthorized place or that light is obstructed in the fashion contemplated by the statute," constitutes substantial evidence to support a conviction under section 26708, subdivision (a). (*People v. Niebauer* (1989) 214 Cal.App.3d 1278, 1292.)

In this case, Casteel, a patrol veteran with 100 prior stops for tinted windows, testified he believed the window tinting on the Scion violated the Vehicle Code, because it prevented him from seeing into the passenger compartment. He made these observations when the Scion was about 200 feet away and in a well-lighted intersection. Based on these observations and Casteel's experience, the court found Casteel reasonably, even if mistakenly, believed the window tinting on the Scion violated Vehicle Code section 26708. We agree.

4

Casteel's testimony is similar to the police officer's testimony in *People v. Hanes* (1997) 60 Cal.App.4th Supp. 6. In *Hanes,* a three-year veteran patrol officer with approximately 400 stops for tinted windows, testified the window tinting on the defendant's car blocked his view of the car's occupants. (*Id*. at p. 9.) The appellate court determined the officer had an objectively reasonable suspicion the tinted windows violated the law based on his experience. (*Id*. at pp. 9-10.)

K.R. relies on *People v. Butler* (1988) 202 Cal.App.3d 602, 607 (*Butler*), but *Butler* is factually distinguishable. In *Butler*, a police officer wanted to check out the occupants of a car parked near a liquor store because he thought they were planning a robbery. (*Id.* at p. 605.) When the officer drove toward the car, it started and sped past him. (*Ibid.*) The officer gave chase and noticed its windows were darkened, which he testified was an "'obvious Vehicle Code violation.'" (*Ibid.*)

The appellate court in *Butler* concluded the officer's testimony failed to demonstrate a reasonable suspicion the car's tinted windows violated the Vehicle Code, because the police officer made his observations from a significant distance and in the dark, and his testimony about an obvious violation, without elaboration, was equivocal and imprecise. (*Butler*, *supra*, 202 Cal.App.3d at p. 606.)

By contrast here, Casteel, an almost four-year patrol veteran with 100 prior stops for tinted windows, testified unequivocally that he believed the tinting on the Scion, which he saw from a distance of 200 feet in a well-lit intersection, violated the Vehicle Code because it prevented him from seeing into the passenger compartment. The fact he may have been wrong does not render his belief objectively unreasonable.

Further, nothing in the record supports the assertion this was a pretext stop. While Casteel admitted he recognized J.M. from a prior drug arrest, that occurred *after* the traffic stop. In any event, "a stop which is reasonable based on the objective facts is not made unreasonable by the officer's subjective hope the stop might yield evidence of other crimes. [Citations.]" (*People v. Uribe* (1993) 12 Cal.App.4th 1432, 1438.)

5

Finally, when Casteel smelled burned marijuana, he had a reasonable suspicion of additional criminal activity.  (See *People v. Waxler* (2014) 224 Cal.App.4th 712, 719-720; see also *People v. Strasburg* (2007) 148 Cal.App.4th 1052, 1059.)  In sum, this was a lawful detention and the consent to search was valid.  There was no error.

## DISPOSITION

The order denying the motion to suppress is affirmed.


THOMPSON, J.

WE CONCUR:


ARONSON, ACTING P. J.


IKOLA, J.