[Crim. No. 1739. Fifth Dist. Nov. 15, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
CAREY LEE GREGG, Defendant and Appellant.

COUNSEL

Martin & Cole and Dennis R. Watt for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Eddie T. Keller, Richard L. Adams and Charles P. Just, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**FRANSON, J.**—This case presents the question of whether an officer's lawful observation of a few seeds of marijuana in the front seat of an automobile, coupled with the smell of freshly burned marijuana, furnished probable cause to search the trunk of the automobile. We hold that it does not.

On March 9, 1973, California Highway Patrol Officers Hughes and Wallace observed a vehicle with two occupants, neither of whom was appellant, speeding west bound on Highway 120 in Stanislaus County. The officers clocked the vehicle at 73 miles per hour. They followed the vehicle as it turned right onto Valley Home Road, then left onto Minnesota Street and then left onto Michigan. The vehicle was then traveling "real slow" and for at least a half mile the officers had the red lights on and a white spotlight was trained on the vehicle. The two occupants were observed "bending over in the seat and moving about." The officers also observed the passenger on the right side bend down and it appeared that he may have been exchanging articles with the driver while the driver was twisting about.

When the vehicle stopped, the driver immediately exited the vehicle and came back to Officer Hughes. Officer Wallace walked to the vehicle on the right side and noticed a strong odor of burning marijuana. Officer Wallace had the passenger exit the vehicle and he then conducted a patdown search of both occupants, finding an open can of beer stuffed down the front of the pants of each. At this point, Officer Hughes walked up to the open window on the driver's side, smelled a fresh, strong odor of burning marijuana and observed approximately 10 marijuana seeds on the seat on the passenger side. The two occupants were then placed under arrest and handcuffed for possession of marijuana, being in a place where marijuana was

being used, and having an open container in a vehicle. The officers then searched the interior of the car and found a jacket on the rear seat with marijuana debris in the pocket. No other contraband was found in the passenger compartment.

Officer Hughes then took the key from the ignition and, without consent or warrant, opened the trunk with the key and found approximately six pounds of marijuana. The occupants denied knowledge of the marijuana in the trunk, but stated that the jacket found in the passenger compartment belonged to appellant. The officers then determined that the car was registered to appellant.

Four days later the officers went to appellant's apartment. When they arrived, appellant immediately came out to the patrol car; Officer Wallace asked him his name and advised him of his *Miranda* rights. Appellant was then asked about the marijuana found in the trunk of his car and he said it was his and that he had bought it in San Francisco. The officers thereafter obtained appellant's consent to enter his apartment where they found some marijuana on the kitchen sink and a bundle of marijuana stalks in a garbage can outside the apartment.

Appellant moved to suppress the evidence of marijuana found in the trunk of his car on the ground that it was obtained by an illegal search and seizure. He also moved to suppress the evidence of his verbal admissions to the officers concerning the marijuana found in the trunk of his car, as well as the marijuana found in his apartment on the ground that each was the tainted product of the illegal search of the trunk. The motions were denied.

## Discussion

Appellant concedes that the officers had probable cause to arrest the occupants of his car on March 9 and, as an incident to the arrest, to make a warrantless search of the passenger compartment of the car. He contends, however, that the warrantless search of the trunk of the car was illegal.

Appellant and respondent agree that the search of the trunk was beyond the permissible scope of a search incident to arrest. (*Chimel* v. *California,* 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034]; *People* v. *Dumas,* 9 Cal. 3d 871, 881, fn. 6 [109 Cal.Rptr. 304, 512 P.2d 1208]; *People* v. *Koehn,* 25 Cal.App.3d 799 [102 Cal.Rptr. 102].) Thus, we must determine if the search of the trunk was justified on the basis of probable cause on the officers' part to believe that the trunk contained contraband.

■ Probable cause for a search exists where an officer is aware of facts that would lead a man of reasonable caution to believe or conscientiously entertain a strong suspicion that the object of the search—in this case, contraband—is in the partcular place to be searched. (*Carroll* v. *United States,* 267 U.S. 132, 162 [69 L.Ed. 543, 555, 45 S.Ct. 280, 39 A.L.R. 790]; *People* v. *Dumas, supra,* 9 Cal.3d 871, 885; *People* v. *Superior Court (Kiefer)* 3 Cal.3d 807, 815 [91 Cal.Rptr. 729, 478 P.2d 449, 45 A.L.R.3d 559].)

■ Respondent contends that the observation of marijuana debris or seeds inside a car, however miniscule in quantity, or evidence of the smell of burned marijuana, *ipso facto* gives the officers the right to search the entire car. Appellant, on the other hand, seeks to distinguish between probable cause to search the passenger compartment of the car and probable cause to search its trunk. He asserts that before the officers are permitted to engage in the warrantless search of the trunk of an automobile they must be aware of specific articulable facts which give reasonable cause to believe that additional contraband, in fact, is concealed in the trunk.

It is true that the cases speak of the right to search a car on the basis of "probable cause to believe that the car contains contraband."[1] This exception to the prohibition against warrantless searches is justified by the "distinguishing characteristic of mobility" of automobiles. (*Chambers* v. *Maroney,* 399 U.S. 42 [26 L.Ed.2d 419, 90 S.Ct. 1975]; *People* v. *Dumas, supra,* 9 Cal.3d 871, 881-883; *People* v. *Stafford,* 29 Cal.App.3d 940, 946-948 [106 Cal.Rptr. 72].) We recognize that a somewhat persuasive argument can be made in favor of an absolute rule that once evidence of contraband is lawfully observed by officers in any part of a car, the entire car may be searched; that neither logic nor public policy requires that the right of privacy, once having been forfeited as to one area of the car, nonetheless is preserved as to other areas of the car. Such a simplistic approach would obviate the difficult task our courts have in trying to objectively evaluate an officer's belief as to the presence of other contraband in the car.

However, we must keep in mind that if the officers have the right to engage in a warrantless search of the entire car they may do so by any means reasonably available; thus, if the trunk key cannot be located they may break open the trunk. Carried to its logical end, if the officers have the right

[1]The repeated recitation of this rule reminds us of Holmes' oft-quoted statement, "It is one of the misfortunes of the law that ideas become [crystallized] in phrases and thereafter for a long time cease to provoke further analysis." (J. Holmes, dissenting opinion, *Hyde* v. *United States* (1912) 225 U.S. 347, 384-391 [56 L.Ed. 1114, 1132-1135, 32 S.Ct. 793, 811].)

to search the entire car and it is necessary to accomplish their pupose, they may rip apart any part of the car in which they should suspect that additional contraband may be found.

Contrary to respondent's assertion, we read the cases as authorizing the search of a particular area of a car when, and only if, the officers have probable cause to believe that contraband is concealed in that particular area. For example, the lawful observation of marijuana debris on a seat or the floor of the interior of the car, or in the clothing of the occupants, or the smell of burned marijuana emanating from the interior of the car would give probable cause to believe that marijuana might be found in the areas *adjacent and immediately accessible to the occupants,* such as ashtrays, a passenger console, a glove compartment and underneath and between the seats. Thus, in *People* v. *Superior Court (Silver)* 8 Cal.App.3d 398 [87 Cal.Rptr. 283], a search of the interior of the car was upheld on the ground that it was logical to infer from the observation of a pipe uniquely fashioned for the smoking of hashish, that the contraband itself may have been hidden in close proximity to the pipe. (See also *Fraher* v. *Superior Court,* 272 Cal. App.2d 155, 163 [77 Cal.Rptr. 366]; *People* v. *Schultz,* 263 Cal.App.2d 110, 113-114 [69 Cal.Rptr. 293]; *People* v. *Spelio,* 6 Cal.App.3d 685 [86 Cal.Rptr. 113].)

Similarly, if a substantial quantity of marijuana is found inside the automobile or on the person of an occupant, it reasonably may be inferred that additional contraband may be concealed in areas of the car not immediately accessible and adjacent to the occupants, such as the trunk or under the hood. A substantial quantity of marijuana in the interior of the car would give rise to a logical inference that the car was being used to transport marijuana.

The cases cited by respondent in support of a blanket rule permitting the search of the entire car upon finding evidence that marijuana has been used in the interior of the car, are distinguishable on their facts. In *People* v. *Laursen,* 8 Cal.3d 192 [104 Cal.Rptr. 425, 501 P.2d 1145], the vehicle was abandoned by robbers at the scene of the crime and it was subsequently impounded and searched without a warrant. The materials recovered during the search of the vehicle consisted of papers and documents bearing the various aliases often used by the defendant. The court noted that the automobile had been the instrumentality in the commission of the robbery; exigent circumstances existed in that "each moment of delay significantly improved defendant's chances of avoiding apprehension." (8 Cal.3d at p. 202.)

In *People* v. *Dumas, supra,* 9 Cal.3d 871, officers had obtained a warrant to search defendant's apartment, including a garage and carport, for stolen railroad bonds and bank checks. The search of the apartment revealed none of the articles named in the warrant but the officers found in the apartment an automobile registration certificate in defendant's name and a set of automobile keys, and the automobile was found parked in the street about 100 feet away from the apartment. The officers searched the vehicle and found the stolen items in the trunk. The court found that under "the unusual circumstances of this case," the officers had reasonable cause to believe that the stolen securities would be found in the vehicle. (9 Cal.3d at p. 885.) It was logical to conclude that if the securities were not kept by the defendant in his apartment he probably would keep them in his automobile.

In *People* v. *Balassy,* 30 Cal.App.3d 614 [106 Cal.Rptr. 461], the search of a trunk of a vehicle was upheld because the officers had information from an informer that the defendant kept counterfeit checks on his person or in the trunk of his car and this was corroborated when the officers observed the defendant open his trunk to examine envelopes and packages.

In *People* v. *Stafford, supra,* 29 Cal.App.3d 940, 946-947, the search of a trunk for stolen items was upheld on the basis of reasonable cause to believe that a robbery had been committed, that the robber had been seen fleeing in the automobile and a gun and two money bags were observed on the front seat. (See also *People* v. *Medina,* 26 Cal.App.3d 809, 816-817 [103 Cal.Rptr. 337].)

The other cases cited by respondent are similarly inapposite to the case at hand.

Each case must be judged on its own particular facts. Here, the evidence of furtive movements by the occupants of the car and the failure of the driver to stop when the red light first was turned on, are readily explained by the presence of the open containers of beer hidden on the person of each occupant and by the fact that they apparently had been smoking marijuana inside the car. However, these facts logically do not aid in the determination of whether marijuana might be concealed in the trunk.

We conclude that the prosecution failed to justify the warrantless search of the trunk of appellant's car; as a consequence, the marijuana found in the trunk, appellant's admission that the marijuana was his, and the marijuana found in his apartment, all were the product of the illegal search. Thus, the motions to suppress should have been granted. (*Wong Sun* v. *United States,* 371 U.S. 471, 485 [9 L.Ed.2d 441, 453-454, 83 S.Ct. 407]; *People* v. *Johnson,* 70 Cal.2d 541 [75 Cal.Rptr. 401, 450 P.2d 865,

43 A.L.R.3d 306]; *People* v. *Superior Court (Casebeer)* 71 Cal.2d 265 [78 Cal.Rptr. 210, 455 P.2d 146].)

Inasmuch as the prosecution failed to establish probable cause to search, it is unnecessary for us to discuss appellant's contention that the probable cause theory may not be argued on appeal because it was not asserted or relied upon by the prosecution at the motion to suppress. (See *People* v. *Superior Court (Simon)* 7 Cal.3d 186, 198-211 [101 Cal.Rptr. 837, 496 P.2d 1205].)

The judgment is reversed.

Brown, (G. A.), P. J., and Thompson, J.,* concurred.

A petition for a rehearing was denied December 6, 1974, and respondent's peition for a hearing by the Supreme Court was denied January 29, 1975.

---

*Retired judge of the superior court *sitting* under assignment by the Chairman of the Judicial Council.