[No. C033002. Third Dist. Nov. 27, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
EUGENE ALEXANDER DEY, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, the introduction, facts, part I, and the disposition of this opinion are certified for publication.

**COUNSEL**

William I. Parks, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Stephen G. Herndon and David Andrew Eldridge, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DAVIS, Acting P. J.**—Defendant Eugene Alexander Dey was convicted of transportation and possession of methamphetamine and marijuana and various recidivist allegations were found to be true.[1] He was sentenced to state prison for a term of 26 years to life and now appeals. Defendant challenges the denial of his suppression motion, the failure to instruct on the corpus delicti rule, the denial of services to assist him with a motion for a new trial, the failure to strike any of his prior convictions, and the constitutionality of his prison term. In the published portion of the opinion, we conclude the presence of a useable quantity of marijuana among defendant's effects in the passenger compartment of the vehicle he was driving provided probable cause for the search of the vehicle's trunk. In so holding, we find contrary authority from the mid-1970's is no longer controlling. We reject the remainder of his arguments in the unpublished portion of the opinion and affirm the judgment.

### FACTS

Defendant's contentions do not, for the most part, involve the facts adduced at trial. Defendant concedes on appeal that he was lawfully detained for investigation of a registration violation while driving his car during the early morning hours of September 20, 1998. He also concedes that once highway patrol officers determined his passenger was a parolee subject to arrest for parole violations and observed the parolee under the influence of a stimulant and having access to a knife with a blade in excess of two inches, they could lawfully search the passenger compartment. While doing so, the officers found a marijuana bud in defendant's day planner, whereupon they searched his trunk. They found additional marijuana in the trunk. They then searched the engine compartment and found a scale and methamphetamine secreted in a flannel shirt between the headlight and battery. A search of defendant when he was in custody yielded additional methamphetamine and some money tucked into his underwear.

### DISCUSSION

### I

■ The officer testified the search of the trunk was conducted according to the highway patrol's inventory policy for seized vehicles with long-expired registrations. The prosecutor, however, articulated the theory that

---

[1]Health and Safety Code sections 11055, subdivision (d)(2), 11357, subdivision (b), 11360, subdivision (b), 11377, subdivision (a), 11379, subdivision (a); Penal Code sections 667, subdivisions (c), (d); 667.5, subdivision (b).

the trunk could be searched because there was probable cause to believe it contained contraband. Relying on *Wimberly v. Superior Court* and *People v. Gregg*, defendant contends that the discovery of the marijuana bud in the vehicle's passenger compartment did not provide probable cause to search the trunk.[2] We do not find *Wimberly* and *Gregg* controlling, and since we find the search of the trunk can be upheld on the objective ground of probable cause to find contraband, we will not concern ourselves with the officer's subjective basis for the search.[3]

In *People v. Gregg*, the officer lawfully stopped a car, smelled freshly burned marijuana, observed approximately 10 marijuana seeds on the seat, and found additional marijuana debris in a jacket on the rear seat. He searched the trunk and found approximately six pounds of marijuana.[4] The court found the officer had probable cause to search only the car's passenger compartment. It held that the smoke and debris supported only the inference that additional marijuana would be in areas adjacent and immediately accessible to the users, which did not include the trunk.[5] On similar facts, the Supreme Court in *People v. Wimberly* approved of the reasoning in *Gregg*, adding a personal use/sale dichotomy to the analysis under which seeds, a pipe, and a small amount of marijuana secreted in a jacket were indicative only of the former and thus would not provide probable cause to search the trunk for additional contraband.[6]

Subsequent to these decisions the United States Supreme Court articulated the standard that courts should apply in deciding whether the warrantless search of a vehicle is reasonable under the federal Constitution. It held in *United States v. Ross* that "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search."[7]

The holdings of *Gregg* and *Wimberly* have never been expressly repudiated. However, in light of *Ross* and the enactment of article I, section 28, subdivision (d) to the California Constitution, we do not think these holdings

[2]*Wimberly v. Superior Court* (1976) 16 Cal.3d 557 [128 Cal.Rptr. 641, 547 P.2d 417] (*Wimberly*); *People v. Gregg* (1974) 43 Cal.App.3d 137 [117 Cal.Rptr. 496] (*Gregg*).

[3]*People v. Hull* (1995) 34 Cal.App.4th 1448, 1454 [41 Cal.Rptr.2d 99] (if an objective assessment of an officer's actions in light of the facts would establish the lawfulness of an officer's conduct, it is irrelevant that the officer does not actually have the state of mind the theory hypothecates).

[4]*Gregg, supra,* 43 Cal.App.3d at pages 139-140.

[5]*Gregg, supra,* 43 Cal.App.3d at page 142.

[6]*Wimberly, supra*, 16 Cal.3d at pages 572-573.

[7]*United States v. Ross* (1982) 456 U.S. 798, 800, 825 [102 S.Ct. 2157, 2160, 2173, 72 L.Ed.2d 572].

have continued vitality, and it is *Ross* to which we must adhere.[8] We find that a person of ordinary caution would conscientiously entertain a strong suspicion that even if defendant makes only personal use of the marijuana found in his day planner, he might stash additional quantities for future use in other parts of the vehicle, including the trunk. Such a suspicion is sufficient for a search of the trunk. Therefore, the court correctly denied the suppression motion.

Indeed, without discussing the holdings of *Wimberly* or *Gregg* we have upheld the search of a trunk and the back of a truck once contraband was discovered in the passenger compartments of the vehicles. In *People v. Hunt* we held there was probable cause to support the search of a trunk when an officer searching a vehicle's passenger compartment found a napkin and a wadded piece of brown paper containing chunks of rock cocaine.[9] In *People v. Perez* we held that the discovery of four small bags of methamphetamine in the passenger compartment of a suspect's truck constituted probable cause to search satchels in the back of the truck.[10]

II-IV*

. . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Morrison, J., and Kolkey, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 14, 2001.

---

[8]Article I, section 28, subdivision (d) of the California Constitution. It provides as follows: "(d) Right to Truth-in-Evidence. Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any criminal proceeding, including pretrial and post conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court. Nothing in this section shall affect any existing statutory rule of evidence relating to privilege or hearsay, or Evidence Code, Sections 352, 782 or 1103. Nothing in this section shall affect any existing statutory or constitutional right of the press."

[9]*People v. Hunt* (1990) 225 Cal.App.3d 498, 503, 509 [275 Cal.Rptr. 367].

[10]*People v. Perez* (1996) 51 Cal.App.4th 1168, 1173, 1179 [59 Cal.Rptr.2d 596].

*See footnote, *ante*, page 1318.