Filed 5/29/13  P. v. Molina CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GUSTAVO ANTOLIN MOLINA,<br><br>    Defendant and Appellant. | B241907<br><br>(Los Angeles County<br>Super. Ct. No. MA053836) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Kathleen Blanchard, Judge.  Affirmed.

Seymour I. Amster, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr. and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Gustavo Antolin Molina (defendant) appeals from his conviction of transporting marijuana, challenging the denial of his motion to suppress evidence. We conclude the trial court did not err in denying the motion and we affirm the judgment.

## BACKGROUND

### Procedural history

Defendant was charged in count 1 with the sale or transportation of marijuana in violation of Health and Safety Code section 11360, subdivision (a), and in count 2 with possession of marijuana for sale in violation of Health and Safety Code section 11359. After the trial court denied his motion to suppress evidence filed pursuant to Penal Code section 1538.5, defendant entered into a plea agreement under the terms of which he pled no contest to count 1 and count 2 was dismissed. On May 29, 2012, the trial court suspended imposition of sentence, placed defendant on formal probation for three years, with conditions that included 365 days in custody with credit totaling 365 days, and payment of mandatory fines and fees. Defendant filed a timely notice of appeal.

### The suppression hearing

Los Angeles County Sheriff's Deputy Michael Rose testified that on the evening of June 3, 2011, while he was in a marked patrol car with his partner, Deputy Edwards, he saw defendant make a turn without signaling and then drive on the wrong side of the road in violation of the Vehicle Code. The deputies stopped defendant's car and both deputies approached. Defendant told them he did not have his driver's license with him when asked. Deputy Rose smelled an odor of marijuana coming from inside the car so looked inside and saw a glass jar on the floor behind the driver's seat. The jar contained green flakes, seeds, and buds, which appeared to Deputy Rose to be marijuana residue.

Deputy Edwards then asked defendant whether he had anything illegal on him. Defendant replied he had marijuana in his pocket, so Deputy Edwards asked him to step out of the car. After defendant complied, Deputy Edwards removed a bag of marijuana from defendant's pocket and detained him. Deputy Rose escorted defendant to the patrol car. Defendant looked very nervous and began sweating profusely despite the cold

2

weather. Deputy Rose asked defendant whether there was anything illegal in the car, and although defendant said "no," he gave the deputy permission to search the car. The car was searched for any drug-related evidence, including the cell phone found on the driver's seat. The phone contained several text messages regarding marijuana sales.

Defendant was seated in the back of the patrol car and had not been informed of his *Miranda* rights[1] when he gave consent to search his car. Deputy Rose did not ask for specific consent to search the cell phone.

Defendant called no witnesses. The trial court found defendant's consent to search his car was voluntary and that the deputies properly relied on his consent. The court also found the deputies had probable cause to search the car once they observed marijuana residue in the jar on the floor. When they found marijuana on defendant's person, the deputies also had probable cause to arrest defendant for a violation of Health and Safety Code section 11360, transporting marijuana. The court concluded the search of the car was justified as incident to that lawful arrest. The court denied the motion to suppress evidence.

## DISCUSSION

Defendant contends that the warrantless search of his car was unlawful because he was in custody when he gave consent and had not been informed of his *Miranda* rights. He also contends that the search could not be justified as incident to a lawful arrest. Defendant does not argue the arrest was unlawful; nor does he challenge the finding that the deputies had probable cause to search the car once they observed marijuana residue in the jar.

"It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is '*per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions.' [Citations.]" (*Schneckloth v. Bustamonte* (1973) 412 U.S. 218, 219 (*Schneckloth*).) One such exception allows the police to "search an automobile and the containers within it

---

[1]    See *Miranda v. Arizona* (1966) 384 U.S. 436, 444-445.

3

where they have probable cause to believe contraband or evidence is contained." (*California v. Acevedo* (1991) 500 U.S. 565, 580.) Here, after defendant had been lawfully stopped for traffic violations, Deputy Rose not only saw marijuana residue but also detected the odor of marijuana coming from inside the car. The deputies thus had probable cause to search the car. (See *People v. Strasburg* (2007) 148 Cal.App.4th 1052, 1058-1059; *People v. Dey* (2000) 84 Cal.App.4th 1318, 1320-1322.) And they were permitted to search every part of the car. (*United States v. Ross* (1982) 456 U.S. 798, 800, 825.)

We conclude the search of defendant's car was lawful. Although we need not reach defendant's remaining arguments regarding the validity of the search, we agree with respondent that they are without merit.[2]

Another "specifically established exception[] to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent. [Citations.]" (*Schneckloth*, *supra*, 412 U.S. at p. 219.) "The voluntariness of consent is a question of fact to be determined from the totality of circumstances. [Citations.] If the validity of a consent is challenged, the prosecution must prove it was freely and voluntarily given -- i.e., 'that it was [not] coerced by threats or force, or granted only in submission to a claim of lawful authority.' [Citations.]" (*People v. Boyer* (2006) 38 Cal.4th 412, 445-446, quoting *Schneckloth, supra*, at p. 227.) """"On appeal all presumptions favor proper exercise of that power, and the trial court's findings -- whether express or implied -- must be upheld if supported by substantial evidence.'" [Citation.]" (*People v. Monterroso* (2004) 34 Cal.4th 743, 758 (*Monterroso*).)

A consent is not involuntary merely because the defendant was not told he could refuse or because he was under lawful arrest but not given *Miranda* warnings. (*Monterroso*, *supra*, 34 Cal.4th at p. 758; *People v. James* (1977) 19 Cal.3d 99, 114-116.)

---

**2** Defendant's arguments are disjointed and unclear, and he has failed to summarize any of his points in a heading or subheading, as required by California Rules of Court, rules 8.360(a) and 8.204(a)(1)(C).

Where there is no evidence of overt or implied threat of force, as in this case, a request to search implies the ability to refuse. (*Monterroso*, at pp. 758-759.) The absence of a warning is merely one factor to consider. Other factors indicating involuntary consent include the defendant's youth or low intelligence, whether questioning was repeated or prolonged, and any sleep or food deprivation. (*Schneckloth supra*, 412 U.S. at p. 226.) Such factors were absent here. Defendant was cooperative throughout the events; there were only two deputies; defendant was asked, not ordered, to step out of his car and go to the patrol car; and although he was confined, defendant was not handcuffed when the deputies sought his consent to search the car. We conclude that substantial evidence supported the trial court's finding that the consent was voluntary.

Defendant relies on *Chimel v. California* (1969) 395 U.S. 752 (*Chimel*), and *Arizona v. Gant* (2009) 556 U.S. 332 (*Gant*), to argue that even after a lawful arrest the police may not search a car's interior after the occupants have been secured. In fact, as respondent points out, the Supreme Court held that "circumstances unique to the automobile context justify a search incident to arrest when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle." (*Gant*, at p. 335.) The court also held this was consistent with its holding in *Chimel*. (*Gant*, at p. 335.) Thus an officer is permitted "to conduct a vehicle search [*either*] when an arrestee is within reaching distance of the vehicle *or it is reasonable to believe the vehicle contains evidence of the offense of arrest*." (*Id*. at p. 346, italics added.)

Defendant does not challenge the trial court's finding that the deputies lawfully arrested defendant on suspicion of transporting marijuana in violation of Health and Safety Code section 11360. As Deputy Rose both saw marijuana residue and smelled the odor of marijuana in the car, it was reasonable to believe the car contained evidence of the offense of transporting marijuana. The search for evidence of that crime was thus incident to a lawful arrest.[3]

---

[3] The permissible scope of such a search may include text messages on a cell phone found in the vehicle. (*People v. Nottoli* (2011) 199 Cal.App.4th 531, 559; cf. *People v. Diaz* (2011) 51 Cal.4th 84, 95-96.) Defendant does not claim otherwise.

5

We conclude that the trial court's denial of defendant's motion to suppress evidence was not error.

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.*
FERNS

<hr>

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.