Filed 4/8/16  P. v. Rios CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>JEFFREY PAUL RIOS,<br><br>    Defendant and Appellant. | G050904<br><br>(Super. Ct. No. 14CF0007)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, M. Marc Kelly and Thomas A. Glazier, Judges.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

\*   \*   \*

# I

## FACTS

The information charged defendant Jeffrey Paul Rios with one count of possessing methamphetamine on December 31, 2013. Defendant filed a motion to suppress evidence(§ 1538.5). Prior to testimony on the motion heard by Judge M. Marc Kelly, the parties stipulated the police officer did not have a warrant. The court denied the motion to suppress evidence and defendant subsequently pled guilty to the possession charge.

Deputy Sheriff George Townsend testified he was in uniform and on duty with his partner about 10:00 p.m., on December 31, 2013. They were in a patrol car as they checked the rear parking lot of a Stater Bros. market.Townsend saw an Acura four-door vehicle. Donald Welch, who he knew was on probation, was seated in the right front passenger seat. He had contacted Welch a day or two earlier in the same area. Defendant was standing behind the Acura.

Townsend asked who the vehicle belonged to, and defendant said it belonged to him; he said he bought it the preceding Friday. Townsend testified he did not remember the name of the person defendant said sold him the Acura. The deputy ran a record check on the vehicle and "it came back out of the City of Orange." Registration information, however, showed there had been a release of liability on the vehicle. Townsend had the Orange Police Department send someone by the registration address to determine if the person who signed the release of liability knew the location of the Acura. Townsend suspected the vehicle may not belong to defendant because the car was in a back parking lot where he had not seen the vehicle before, and the person defendant said he bought the vehicle from was not the same person on the release of liability form.

The deputy asked defendant's permission to search him. Defendant consented to a patdown search. Townsend found no contraband on defendant. He then had defendant sit on the bumper of the patrol car while he made contact with Welch.

2

Townsend had Welch exit the Acura. He searched Welch's person, but found nothing illegal on him. Townsend then placed Welch in the back of the patrol car for "officer safety reasons." He asked Welch if anything in the Acura belonged to him. Welch said a cell phone and a charger, that he was charging the cell phone in the car.

Townsend asked defendant for permission to search the vehicle and defendant refused to give permission. When asked if everything in the vehicle belonged to him, defendant said it did except for the cell phone and charger.Townsend then told defendant he (Townsend) was going to search the vehicle because Welch, who was on probation with a search and seizure condition, had been in the vehicle.

Townsend's search of the Acura was limited to the area Welch had access to as the right front passenger. In the unlocked glovebox, Townsend found a used uncapped hypodermic needle. Townsend asked defendant if the needle belonged to him. Defendant said it did not, but added that he is a diabetic and takes insulin. He said he always recaps his needles.

The deputy then searched defendant's person, looking for drug paraphernalia or drugs. He found a capped, used hypodermic needle in defendant's right front pocket. Another deputy searched the trunk of the Acura while Townsend searched the interior of the vehicle. The other deputy found a "small zip-lock baggie containing methamphetamine inside" the coin pocket in a pair of jeans.

The Orange Police Department contacted Townsend about the requested information concerning the release of liability form while Townsend was searching the interior of the Acura. According to the prior owner of the Acura, he sold the vehicle to someone on Craig's List. It was not defendant.

Defendant was placed under arrest and transported to jail where he made a statement after waiving his rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436.

3

II

DISCUSSION

*Defendant Waived His Right to Appeal*

After his motion to suppress evidence pursuant to Penal Code section 1538.5 was denied, defendant eventually pled guilty and admitted the crime-bail-crime enhancement. Defendant contends on appeal that his motion to suppress evidence should have been granted and the superior court erred in denying his motion. The Attorney General did not address the merits of defendant's argument, pointing out defendant waived his right to appeal the denial of his Penal Code section 1538.5 motion when he pled guilty. The change of plea form initialed and signed by defendant expressly states defendant waived and gave up his "right to appeal from any and all decisions and orders made in [this] case, including motions to suppress evidence brought pursuant to Penal Code section 1538.5."[1] Defendant did not file a reply brief to refute the Attorney General's assertion. If he does not claim the Attorney General is wrong and there is some reason why his express waiver should not be given effect, we will not make the argument for him. (See *Ellerbee v. County of Los Angeles* (2010) 187 Cal.App.4th 1206, 1218, fn. 4 [failing to file a reply brief is not an admission]; but see *Johnson v. English*

---

[1]"Although the issue of whether the guilty plea was informed and voluntarily made will always remain open for appellate review, the plea will generally preclude review of matters or rulings occurring prior to the change of plea; an adult is allowed to bring up only 'constitutional, jurisdictional, or other grounds going to the legality of the proceedings' [citation], but not issues of guilt or innocence, or irregularities that do not go to the fundamental power of the state to try the defendant. [Citation.]" (*In re Uriah R.* (1999) 70 Cal.App.4th 1152, 1157, fn. omitted.) Penal Code section 1538.5, subdivision (m), is an exception to this general rule and permits a defendant who pled guilty to appeal of a ruling denying his or her motion to suppress evidence. If a defendant does not want to waive and give up that right, that portion of the paragraph in the change of plea form pertaining to the waiver of the defendant's right to appeal the denial of his or her motion to suppress evidence should be crossed out.

(1931) 113 Cal.App. 676, 677 [failing to file reply brief "concedes that respondent's position is unassailable"].)

Although defendant waived his right to appeal the denial of his motion to suppress evidence, we address the merits of his contention to avoid any claim of ineffective assistance of counsel for advising defendant to waive his appellate rights.

*The Search was Reasonable*

Defendant contends the trial court erred in denying his motion to suppress evidence because as the driver of the vehicle he had a reasonable expectation of privacy in the contents of the vehicle, notwithstanding the fact that Welch, who had a search and seizure waiver condition of probation, had been a passenger in his vehicle at the time of the police contact. In reviewing the superior court's ruling on defendant's motion to suppress evidence, "'[w]e defer to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment. [Citations.]' [Citations.]" (*People v. Redd* (2010) 48 Cal.4th 691, 719, fn. omitted.)

In *People v. Schmitz* (2012) 55 Cal.4th 909, 913-914, the defendant was driving his car when he was stopped by a police officer. Defendant had three passengers in the vehicle. A woman and her small child were in the backseat and a male parolee was the front seat passenger. (*Id*. at p. 914.) Upon learning the right front passenger was on parole, the officer searched the interior of the vehicle and found "two syringes in a chips bag, and some methamphetamine in a pair of shoes." (*Ibid.*)

The court observed that most searches conducted without a warrant are unreasonable and therefore a violation of the Fourth Amendment, but that California's parole search provision, which authorizes a law enforcement officer to search a parolee at any time without a warrant, is a recognized exception to the general rule. (*People.v*

5

*Schmitz*, *supra*, 55 Cal.4th at p. 916.) A search conducted pursuant to a California parolee warrantless search condition is reasonable so long as the searching officer was aware of the parolee's status. (*Ibid.*) The search in *Schmitz* was based on the parole status of the right front passenger. Because the search was of a third person's car, a person who was not on parole, the issue presented in *Schmitz* was "the permissible scope of a parole search that infringes on the privacy of a third party driving a car with a parolee passenger." (*Id.* at p. 917.) To answer that question, the *Schmitz* court had to determine the permissible scope of the search of the interior of the vehicle and the permissible scope of a search of property found inside the vehicle. (*Ibid.*)

In considering the permissible scope of such a search, the *Schmitz* court harkened back to its earlier decision in *People v. Robles* (2000) 23 Cal.4th 789, where the court "reaffirmed that, if someone lives with a probationer, 'common or shared areas of their residence may be searched by officers aware of an applicable search condition.' [Citations.]" (*People v. Schmitz*, *supra*, 55 Cal.4th at p. 918.) In concluding the search of the backseat in *Schmitz* was reasonable given the front passenger's status as a parolee, the court started by noting residences and motor vehicles "are afforded different levels of Fourth Amendment protection" (*id.* at p. 919), with motor vehicles receiving less protection (*id.* at p. 920). "Accordingly, 'warrantless examinations of automobiles have been upheld in circumstances in which a search of a home or office would not.' [Citation.]" (*Ibid.*)

While a driver has a reduced expectation of privacy over that possessed in a residence, that expectation is reduced even further when he has passengers in the vehicle, "thus ceding some measure of privacy to them." (*People v. Schmitz*, *supra*, 55 Cal.4th at p. 924.) In permitting a passenger to ride in the car, the driver not only allows the passenger to see the interior of the vehicle, but also allows access to some of its contents. (*Id.* at p. 922.) Consequently, when a police officer seeks to search the vehicle because a passenger is subject to search and seizure without a warrant, the driver cannot expect the

vehicle is immune from a search despite the passenger's status, but "the driver can reasonably expect that the scope of the search will be '"strictly tied to and justified by"' the circumstances authorizing it [citation], and that the search will not be conducted in an arbitrary, capricious, or harassing manner [citations]." (*Id*. at p. 923.) The reasonableness of such a search turns on the nexus of the parolee or probationer and the area or items to be searched, which in turn "depends on the totality of the circumstances, and takes into account such factors as the nature of that area or item, how close and accessible the area or item is to the parolee [or probationer], the privacy interests at stake, and the government's interest in conducting the search." (*Ibid*.)

The totality of the circumstances include the fact that a passenger would ordinarily feel free to place personal items at his feet, in the door pocket, or in the backseat, and may hide contraband without the driver's knowledge. (*People .v Schmitz*, *supra*, 55 Cal.4th at p. 925.) In determining the proper scope of a search of an automobile in which a parolee or probationer subject to search and seizure without a warrant or probable cause is a passenger, the law enforcement officer is entitled to take into account all circumstances. (*Ibid*.) The bottom line is, "an officer may search only those areas where he or she reasonably expects, in light of all the circumstances, that the parolee *could have* placed personal items or discarded contraband." (*Id*. at p. 930.)

Applying these principles as we must (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450), we conclude the trial court did not err in denying the motion to suppress evidence. The deputy saw Welch, a probationer the deputy knew had a search and seizure condition attached to his probation grant, seated in the right front passenger seat of defendant's car. It would not be unreasonable to expect Welch may have placed contraband in the glove compartment directly in front of him. Although defendant had not been driving immediately prior to being contacted by law enforcement, it would not be unreasonable to suspect Welch may have secreted contraband in the glove compartment immediately accessible to him upon seeing the deputy approach.

7

Accordingly, the search of the glove compartment and the observation of the used, uncapped hypodermic syringe was not unreasonable and did not violate the Fourth Amendment.

We need not determine whether there was a reasonable suspicion Welch may have placed any items in the trunk because, finding what may have been contraband in the glove compartment provided probable cause for the officer to search the rest of the car, including the trunk where the methamphetamine was found. (*People v. Dey*(2000) 84 Cal.App.4th 1318, 1320 [finding useable quantity of contraband in passenger compartment provided probable cause to search the trunk].) The fact that defendant claimed he uses syringes to inject insulin did not negate probable cause to believe the syringe was contraband. (See *Northrup v. Baker* (1962) 202 Cal.App.2d 347, 354 ["[p]roof that no crime was committed or that the accused is innocent does not negat[e] the existence of probable cause"].) Additionally, defendant told the officer he always caps his syringes, and the syringe found in the glove compartment was not capped.

### III

### DISPOSITION

The judgment is affirmed.

MOORE, ACTING P. J.

WE CONCUR:

ARONSON, J.

FYBEL, J.