Filed 7/1/24  P. v. Peinado CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TAMMIE LYNN PEINADO,<br><br>    Defendant and Appellant. | 2d Crim. No. B328460<br>(Super. Ct. No. 21CR04401)<br>(Santa Barbara County) |

Tammie Lynn Peinado appeals from the judgment after a jury convicted her of controlled substance and weapons offenses. She contends the evidence was seized in an unlawful search.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

The convictions are based on drugs and weapons police found in appellant's jacket and purse and on her person.  At the preliminary examination, the magistrate denied appellant's motion to suppress the evidence.  (Pen. Code, § 1538.5, subd. (f).)  The superior court denied her renewed motion to suppress.  (Pen. Code, § 1538.5, subd. (i).)

A police officer saw appellant's car stopped for approximately five to 10 seconds on Miller Street near the busy intersection with Chapel Street. A man, A.G., was standing by the passenger side talking to the driver. One or two vehicles went around the stopped car. A.G. got into the car and it drove off. Officers could not see inside the car through its tinted windows.

The officer followed the car in his marked patrol car and pulled it over. Appellant was in the driver's seat. A.G. was in the front passenger seat. He told the officer he was on postrelease community supervision (PRCS). A large jacket was partially draped on appellant's leg and partially on the center console. It was "folded up almost" and "almost wrapped up in a ball."

The officer told both occupants to get out of the car. A.G. complied. Appellant refused approximately 17 times. The officer stated he was going to conduct a PRCS search of the areas to which A.G. had access. She finally got out of the car but attempted to take the jacket with her. The officer did not know what might be in the jacket and was concerned it might contain a weapon. He told her to leave the jacket in the car and offered to give it to her after she exited the car. She did not respond to the offer but stated there was nothing in the jacket. She ultimately got out of the car without the jacket.

The officer then began to search the car in "the immediate area where [the passenger] had access to." When the officer grabbed the jacket, he felt a bulge of crystalized substance. Based on his experience, he recognized it as methamphetamine. He removed a clear plastic baggie containing what he recognized by sight as methamphetamine from the front pouch of the jacket.

The officer then searched the car. In a purse directly

behind the driver's seat was a loaded handgun, a digital scale with methamphetamine on it, and an additional baggie of methamphetamine.

Appellant was arrested for the methamphetamine and was searched. On her person was another bag of methamphetamine.

In denying the motion to suppress, the magistrate found reasonable suspicion to stop the car based on a Vehicle Code violation of impeding traffic. The magistrate concluded the search of the jacket was justified based on the passenger's PRCS terms and his access to the jacket in the car. The magistrate also found that appellant resisted the officer in violation of Penal Code section 148. Appellant did not consent to the jacket search.

The motion to suppress was renewed in the trial court, based on the preliminary examination evidence. (Pen. Code, § 1538.5, subd. (i).) The court described a video of the traffic violation that had been admitted at the preliminary examination as showing the car stopped very close to the intersection with part of the car in one lane and most of the car in another lane. The court denied the motion.

The jury convicted appellant of possessing methamphetamine while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count 1), possessing methamphetamine for sale (Health & Saf. Code, § 11378; count 2), transporting methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 3), and carrying a loaded unregistered concealed firearm (Pen. Code, § 25400, subds. (a)(1) & (c)(6); count 4). The jury also found true allegations that appellant was armed with a firearm in the commission of counts 2 and 3 (Pen. Code, § 12022, subd. (c)). The trial court placed her on two years' probation with terms including 180 days in jail.

DISCUSSION

" 'The burden is on the prosecution to establish by a preponderance of the evidence the facts justifying a warrantless search.' " (*People v. Johnson* (2006) 38 Cal.4th 717, 729.) "Where, as here, a suppression motion is made before a magistrate in conjunction with a preliminary hearing and no new evidence is presented in superior court, we . . . defer to the magistrate's express and implied findings of fact if supported by substantial evidence. [Citations.] We independently assess whether the challenged search or seizure violates the Fourth Amendment, applying federal constitutional standards." (*People v. Tacardon* (2022) 14 Cal.5th 235, 242.)

Police may stop a vehicle and detain the occupants based on a traffic law violation. (*People v. Lomax* (2010) 49 Cal.4th 530, 564 [illegal lane change].) The stop here was justified by a violation of Vehicle Code section 22400, subdivision (a), which states in relevant part: "No person shall bring a vehicle to a complete stop upon a highway so as to impede or block the normal and reasonable movement of traffic unless the stop is necessary for safe operation or in compliance with law." Appellant stopped her car in the middle of the street during rush hour traffic, talked to the male subject, and let him into the car, forcing one or two cars to go around her. Nothing in the record reflects that appellant stopped the car for its safe operation. After the officer made the traffic stop, he lawfully ordered the occupants to exit the car. (*Pennsylvania v. Mimms* (1977) 434 U.S. 106, 109-111; *Lomax*, at p. 564.)

Every person on PRCS is subject to a warrantless search by a peace officer. (Pen. Code, §§ 3453, subd. (f), 3465; *People v. Douglas* (2015) 240 Cal.App.4th 855, 864.) The passenger here told the officer he had PRCS search conditions.

4

We apply parole search principles to a PRCS search. (*People v. Douglas*, *supra*, 240 Cal.App.4th at p. 860.) Thus, "an officer does not have to articulate facts demonstrating that the parolee actually placed personal items or discarded contraband in the open areas of the passenger compartment. . . . Rather, an officer may search only those areas where he or she reasonably expects, in light of all the circumstances, that the parolee *could have* placed personal items or discarded contraband." (*People v. Schmitz* (2012) 55 Cal.4th 909, 929-930.) The officer "may search items of personal property if the officer reasonably believes that the parolee owns the items or has the ability to exert control over them." (*Id.* at p. 930, fn. omitted.) In *Schmitz*, the court upheld the search of an empty bag of chips and the inside of a pair of shoes, both in the back seat, which were accessible to the parolee sitting in the front passenger seat. (*Id.* at pp. 913, 932-933.)

The passenger here had access to the jacket that was lying partially on the center console. "[I]t was objectively reasonable for [the officer] to search those areas of defendant's car where [the passenger] could have concealed contraband upon becoming aware of police activity." (*People v. Cervantes* (2017) 11 Cal.App.5th 860, 871 [upholding search of unlocked center console based on front passenger's probation search condition].) This case is thus unlike *Claypool v. Superior Court* (2022) 85 Cal.App.5th 1092, where the parolee in the back seat of a moving car did not reasonably have access to the locked glove compartment whose key was on the same keychain as the ignition key.[1]

---

[1] We do not address the Attorney General's alternative theory for search of the jacket as a search incident to arrest for resisting (Pen. Code, § 148) because: (1) it is unnecessary in light of the PRCS search, and (2) on appeal the prosecution may not

The discovery of methamphetamine in the jacket gave the officer probable cause to believe the vehicle contained additional drugs.  (*People v. Dey* (2000) 84 Cal.App.4th 1318, 1322.) Pursuant to the automobile exception, the officer then lawfully searched the rest of the vehicle and its contents, including the purse.  (*United States v. Ross* (1982) 456 U.S. 798, 800; *People v. McGee* (2020) 53 Cal.App.5th 796, 804 [unlawfully possessed marijuana authorized search of purse in vehicle].)

After appellant was arrested for possession of the methamphetamine found in the car, her person was lawfully searched incident to arrest.  (*United States v. Robinson* (1973) 414 U.S. 218, 235; *People v. Redd* (2010) 48 Cal.4th 691, 719-720.)

The motion to suppress evidence was properly denied.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.            CODY, J.

---

offer a justification for a search it did not rely upon in the trial court (*Lorenzana v. Superior Court* (1973) 9 Cal.3d 626, 640).

6

John F. McGregor, Judge

Superior Court County of Santa Barbara

_____

G. Martin Velez, under appointment by the Court of
Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief
Assistant Attorney General, Susan Sullivan Pithey, Assistant
Attorney General, Jason Tran and Charles Chung, Deputy
Attorneys General, for Plaintiff and Respondent.